25CA1538 Peo in Interest of DJL 04-23-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1538
City and County of Denver Juvenile Court No. 22JV196
Honorable Lisa Gomez, Judge

The People of the State of Colorado,

Appellee,

In the Interest of D.J.L., a Child,

and Concerning A.R.A.,

Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE BROWN
Freyre and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

Miko Brown, City Attorney, Christina R. Kinsella, Assistant City Attorney, Denver, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Harald Van Gaasbeek, Office of Respondent Parents' Counsel, Fort Collins, Colorado, for Appellant

¶ 1     In this dependency and neglect action, A.R.A. (mother) appeals the judgment terminating her parent-child legal relationship with D.J.L. (the child).  We affirm.

## I.     Background

¶ 2     The Denver Department of Human Services (the Department) filed a petition in dependency and neglect, alleging concerns about mother's substance dependence.  The petition also alleged that the then-eight-year-old child, who had several serious medical and neurological diagnoses, was not receiving proper medical care.

¶ 3     The juvenile court adjudicated the child dependent and neglected and adopted a treatment plan for mother.  More than three years after filing the petition, the Department moved to terminate mother's parental rights.  The juvenile court granted the motion after a contested hearing.

## II.     Notice of Grounds for Termination

¶ 4     Mother first contends that the juvenile court erred by terminating her parental rights under section 19-3-604(1)(a), C.R.S. 2025 (authorizing termination due to abandonment), without notice that her rights might be terminated under that subsection.  We

agree that mother did not have adequate notice of this basis for termination, but we conclude that the error was harmless.

¶ 5    The Department's termination motion began, "Comes now, the Petitioners pursuant to C.R.S. § 19-3-601, *et seq.* and moves for an order terminating the parent-child legal relationship . . . ." The motion does not include any other statutory reference. The grounds stated include the child's adjudication, the adoption of an appropriate treatment plan, mother's failure to comply with the treatment plan, and that mother was unfit and unlikely to become fit within a reasonable time — all elements required by section 19-3-604(1)(c). Although the "Advisement of Rights" section of the motion advises mother that the court may terminate her parental rights if it finds "[t]hat you have abandoned your child," the motion does not allege that mother abandoned the child and does not contain any language suggesting that the Department intended to seek termination on the basis of abandonment. During the termination hearing, the Department did not ask the court to terminate mother's rights on abandonment grounds.

¶ 6    Under these circumstances, we agree that the court erred by terminating mother's parental rights due to abandonment pursuant

2

to section 19-3-604(1)(a). However, mother's parental rights were also terminated pursuant to section 19-3-604(1)(c) based on her failure to comply with an appropriate treatment plan. Mother does not challenge the notice she received regarding that provision. We agree that her other claims, addressed below, would impact termination under section 19-3-604(1)(c) if they were successful. But because we ultimately affirm the termination based on section 19-3-604(1)(c), any deficiency in notice regarding section 19-3-604(1)(a) was harmless. *See* C.R.C.P. 61 (an error is harmless when it does not affect the substantial rights of the parties); *People in Interest of C.C.*, 2022 COA 81, ¶ 20 ("An error affects a substantial right only if it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the basic fairness of the trial itself." (citation modified)).

### III.   Counsel's Motion to Withdraw

¶ 7     Mother next contends that the juvenile court erred by granting her court-appointed counsel's motion to withdraw. We disagree.

### A.   Additional Background

¶ 8     Mother did not appear at the first hearing held in this case in April 2022. Mother appeared at the second hearing in May 2022

3

and requested counsel, and the juvenile court appointed counsel for her that day. In October 2023, mother appeared and requested new counsel "because there's been so much miscommunication." At that time, the juvenile court advised her, "I can appoint a new attorney for you, but I'm not going to keep appointing attorneys over and over again, okay?"

¶ 9 Mother's second attorney served mother with a notice of intent to withdraw in July 2024. When mother did not file an objection, the court granted counsel's motion to withdraw. The court did not automatically appoint mother a new attorney. Mother next appeared at the October 2024 hearing and requested an attorney; the court reappointed the second attorney that same day. That attorney again served mother with a notice of intent to withdraw in July 2025, after the Department filed its motion to terminate parental rights.

¶ 10 The termination hearing took place fifteen days after counsel moved to withdraw for the second time. Mother did not file an objection to her counsel's withdrawal and did not appear at the termination hearing. Counsel reported to the court that, after serving mother with the withdrawal notice, she spoke with mother

and a "treatment provider" and explained that she would "move forward with" her motion to withdraw unless mother either assisted in preparation for the termination hearing or attended the termination hearing." Counsel asked the court "to terminate [her] appointment, given that neither of those [had] occurred."

### B. Relevant Law and Standard of Review

¶ 11 Whether to grant an attorney's motion to withdraw is a decision left to the sound discretion of the juvenile court that will not be disturbed on review absent a clear abuse of direction. *People in Interest of M.M.*, 726 P.2d 1108, 1121 (Colo. 1986). The juvenile court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies or misconstrues the law. *People in Interest of E.B.*, 2022 CO 55, ¶ 14.

¶ 12 Motions to withdraw are addressed by C.R.C.P. Rule 121, section 1-1(2)(b). As relevant here, "an attorney may withdraw from a case only upon approval of the court." *Id.* "Such approval shall rest in the discretion of the court, but shall not be granted until a motion to withdraw has been filed and served on the client and . . . at least [fourteen] days have expired after service of said motion." *Id.* The motion must also contain certain advisements, including

the client's right to file an objection within fourteen days.  C.R.C.P.

121, § 1-1(2)(b)-(c).

## C. Analysis

¶ 13     The juvenile court noted that (1) counsel filed the motion to

withdraw; (2) the appropriate amount of time had passed; and

(3) mother failed to appear at the hearing.  The court then granted

the motion "based on the record made by [mother]'s attorney."

¶ 14     We discern no error.  Mother does not assert, and the record

does not reveal, any deficiency in trial counsel's notice or motion to

withdraw.  Although mother now asserts that the court's ruling was

deficient because its "findings were insufficient to permit this court

to determine whether it was appropriate to grant the motion to

withdraw," she does not provide authority, and we are not aware of

any, requiring a juvenile court to make specific findings before

granting a properly filed and served motion to withdraw.  In any

event, the court stated it was relying on mother's attorney's

representation that mother did not assist in preparing for the

hearing along with mother's failure to appear, which is sufficient.

*See M.M.*, 726 P.2d at 1121.

¶ 15     To the extent mother contends that the juvenile court erred by declining to sua sponte appoint her an attorney for the fourth time, we discern no error. A parent has a statutory right to appointed counsel in termination proceedings. *C.S. v. People*, 83 P.3d 627, 636 (Colo. 2004). "[D]ue process requires the appointment of counsel only where the parent's interests are at [their] strongest, where the state's interests are at their weakest, and the risks of error are at their peak." *Id.* at 636-37. But a parent's interest in being represented must be balanced with a child's interest in permanency. *Id.* at 637.

¶ 16     Here, mother failed to assist her counsel in preparation, appear at the termination hearing, and contest her attorney's withdrawal despite being given a proper opportunity. The Department presented one witness, mother's caseworker, who testified that mother recently began outpatient substance dependence treatment but otherwise had not engaged or complied with any element of her treatment plan in the more than three years the case was open. The caseworker testified that mother saw the child only once in the year she served as the caseworker. We conclude that, like the proceedings in *C.S.*, "the simplicity of the

hearing and the weight of the evidence against [mother] presented at the hearing were such that the absence of counsel did not render the proceeding fundamentally unfair." *Id.*

¶ 17    Furthermore, mother did not have a reasonable expectation that the juvenile court would appoint her counsel in her absence. Recall that the three times the juvenile court appointed mother counsel during the life of the action, it did so only after mother appeared and requested counsel. However, mother did not appear at the termination hearing and did not request that a new attorney be appointed for her.

## IV.    Ineffective Assistance of Counsel

¶ 18    Mother also contends that she received ineffective assistance of counsel. We are not persuaded.

### A.    Relevant Law

¶ 19    To successfully assert a claim for ineffective assistance of counsel, a parent must show that (1) counsel's performance was outside the wide range of professionally competent assistance, and (2) the parent was prejudiced by counsel's errors. *A.R. v. D.R.*, 2020 CO 10, ¶ 48; *People in Interest of C.H.*, 166 P.3d 288, 291-92 (Colo. App. 2007). For the performance prong, a defendant must prove

that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see A.R.*, ¶¶ 48, 60 (the *Strickland* standard applies to claims of ineffective assistance of counsel in dependency or neglect proceedings). To show prejudice, the parent must show a reasonable probability that, but for counsel's deficient performance or unprofessional errors, the outcome of the proceeding would have been different. *A.R.*, ¶ 60.

¶ 20    Because claims of ineffective assistance of counsel in dependency or neglect cases can be raised for the first time on appeal, the record may be insufficiently developed to allow us to resolve the parent's contentions without a remand to the district court for further proceedings. *Id.* at ¶ 63. To justify such a remand, however, the parent must allege facts with sufficient specificity to constitute a prima facie showing of ineffective assistance of counsel. *Id.* For example, if a parent alleges that counsel performed deficiently by failing to call or cross examine witnesses, the parent must identify the witnesses, describe the expected substance of their testimony, and provide a clear explanation of how that testimony would have affected the outcome

of the proceeding. *See C.H.*, 166 P.3d at 291. If the parent's allegations lack sufficient specificity, we may summarily deny the ineffective assistance claim. *Id.*

### B.     Analysis

¶ 21      Mother contends that counsel performed deficiently by moving to withdraw, failing to communicate with mother after advising her of the motion to withdraw, failing to investigate witnesses, failing to request a continuance of the termination hearing to allow mother to appear, and declining to represent mother at the termination hearing. Mother argues that counsel's conduct was inconsistent with their ethical obligations.

¶ 22      But even if counsel's performance fell below the reasonableness standard, mother has failed to sufficiently allege the requisite prejudice resulting from the allegedly deficient performance.

¶ 23      Mother generally contends that, had they been subpoenaed to testify, her "treatment provider and peer coach" would have testified as to mother's "progress on her sobriety, her stability, and her transportation and phone barriers to in-person visitation." Mother further contends that "with proper advocacy from her attorney,

10

[mother] would have presented evidence of her sobriety, her substance use disorder treatment, her barriers to visitation, and her stability." Without specifying how, mother claims that "with proper advocacy, [she] would have presented evidence of her compliance with the treatment plan and sufficient evidence that she was able to become fit within a reasonable time."

¶ 24 But even if this evidence had been presented, we conclude that there is not a reasonable probability it would have changed the outcome of the proceeding. *See A.R.*, ¶ 60. The caseworker testified that mother began outpatient substance dependence treatment "a week or two" before the termination hearing. The caseworker testified that mother did not provide any of the urinalysis testing required by the treatment provider. Mother does not challenge this testimony, nor does she assert that she would have been able to present any evidence contradicting the caseworker's testimony that mother did not participate in treatment or family time with the child for most of the three-year case. *See People in Interest of A.J.L.*, 243 P.3d 244, 250 (Colo. 2010) (the juvenile court is not required to give greater weight to more recent evidence); *People in Interest of S.Z.S.*, 2022 COA 133, ¶ 25 (the juvenile court is not required to give a

11

parent more time even if there is recent progress on a treatment plan); *see also* § 19-3-604(1)(c)(I)(A) (when a parent has not attended family time without good cause, the court "shall not" find the parent is in reasonable compliance with a treatment plan).

¶ 25 Because mother fails to make a prima facie showing of ineffective assistance of counsel, we deny her claim. *See C.H.*, 166 P.3d at 291.

## V. Disposition

¶ 26 The judgment is affirmed.

JUDGE FREYRE and JUDGE SCHUTZ concur.